## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| JEREMY N SMITH, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:17-CV-39-MSH |
| | : Social Security Appeal |
| NANCY A BERRYHILL, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## ORDER

Plaintiff Jeremy Smith brings this action seeking judicial review of the Commissioner's final decision to terminate disability insurance benefits awarded to him on May 9, 2006. The Commissioner contends Plaintiff's medical improvement as of October 1, 2012, is sufficient to allow him to engage in sedentary work. Tr. 18. In concluding that Plaintiff is capable of work, the Commissioner adopted the decision of an Administrative Law Judge ("ALJ") issued on December 11, 2015. Tr. 18-24, 1-3. The ALJ conducted the hearing on November 3, 2015, but only assessed Plaintiff's medical condition through October 1, 2012. Tr. 21-22.

Social Security Ruling 13-3p requires each adjudicator in the administrative process to consider whether a claimant is disabled at any time through the date of the adjudicator's final determination or decision. SSR13-3p, WL 785484 (Feb. 21, 2013). The Social Security Act establishes the relevant standard of review and provides that an individual may have previously awarded benefits terminated if substantial evidence demonstrates "the

individual is now able to engage in substantial gainful activity[.]" Social Security Act § 223(f), 42 U.S.C. § 423(f) (2015). It further provides that "any determination under this section shall be made on the basis of the individual's prior or current condition[.]" *Id.* By issuing SSR13-3p, the Commissioner adopted as nationwide policy the holding of the Sixth Circuit in *Difford v. Sec'y of Health and Human Servs.,* 910 F.2d 1316, 1320 (6th Cir. 1990) ("the plain meaning of statutory references to 'now' or 'current' compels a consideration of an individual's ability to perform substantial gainful activity at the time of the hearing."). Thus, the Commissioner has ruled administratively that the statute requires the final adjudicator to consider a claimant's medical condition through the date of their final determination or decision. SSR13-3p.

The Commissioner failed to follow her own ruling in Plaintiff's case. Although she argues that her failure to do so is harmless error, asserting that the medical evidence ignored by the final adjudicator in the administrative process does not establish that Plaintiff remains disabled, the Court cannot reach that conclusion without usurping the Commissioner's role in weighing the evidence. Comm'r's Br. 5-7, ECF No. 13. To do so would require the Court to substitute its judgment for that of the Commissioner. *Dyer v. Barnhart,* 395F.3d 1206, 1210 (11th Cir. 2005). The Court is prohibited from speculating how an ALJ or other adjudicator would weigh the evidence in the record after October 1, 2012. *Falge v. Apfel,* 150 F.3d 1320, 13213 (11th Cir. 1998). Therefore, the Court remands this case to the Commissioner with instructions to follow the procedures she has set forth in her own rulings for the evaluation of cessation of disability benefits.

SO ORDERED, this 11th day of December, 2018.

                                            /s/ Stephen Hyles
                                            UNITED STATES MAGISTRATE JUDGE